IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>JAVIER BIEZA CORDOVA,<br><br>              Defendant. | CASE NO.  1:01-CR-05250 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

   The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10 because he was sentenced as a career offender and not pursuant to the drug quantity tables of Section 2D1.1.  The Court will deny the defendant's motion.

   Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A court's authority to modify a sentence is limited by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the drug offense was 32. See U.S.S.G. § 2D1.1(c)(4) (2001). The presentence report recommended application of a two-level enhancement for possession of a dangerous weapon, U.S.S.G. § 2D1.1(b)(1), a second two-level enhancement for reckless endangerment base on an eleven-mile, high-speed vehicle chance with law enforcement, U.S.S.G. § 3C1.2, and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 34.  That total offense level would be reduced pursuant to Amendment 782 to an amended total offense level of 32.

However, the defendant was not sentenced based on the quantity of drugs attributable to him because the defendant was a career offender, based on his prior convictions for other drug trafficking offenses. Accordingly, his base offense level in the first instance was 37 pursuant to Section 4B1.1. The defendant's sentencing range has not changed because it did not rest in the first instance on the drug quantity table in Section 2D1.1. The initial sentence imposed is unaffected by the recent guideline amendment, and the defendant's offense level remains exactly what it was at the time of sentencing. Where a defendant is sentenced as a result of a finding that he is a career offender, he is not sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

IT IS HEREBY ORDERED that the defendant's motion pursuant to Section 3582 is DENIED.

IT IS SO ORDERED.

Dated:   November 10, 2015         _____
                                   SENIOR  DISTRICT  JUDGE